IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

HASHIM ASAAD-MUHAMMED SHABAZZ  *

    Petitioner,                    *

        v.                        *        1:07-CV-786-MEF
                                              (WO)

STATE OF ALABAMA, *et al.*,       *

    Respondents.          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Hashim Shabazz ["Shabazz"] on August 28, 2007. [1]  In his petition, Shabazz challenges criminal charges pending against him before the Circuit Court for Houston County, Alabama.

Upon review of the petition, the court concludes that the instant habeas corpus action should be dismissed because Shabazz has failed to exhaust state remedies with respect to each of the claims raised therein.  Specifically, Shabazz may present his claims to the state court before which his criminal case is now pending and/or on appeal of any rulings issued

_____

[1] Although the present petition was stamped "filed" in this court on August 31, 2007, the petition was signed by Shabazz on August 28, 2007.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Shabazz] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court construes August 28, 2007 as the date of filing.

by such court.[2]

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the petition filed herein that Shabazz has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Shabazz's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Shabazz can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Shabazz an opportunity to exhaust all available state court remedies.

It is further

---

[2]To the extent any issues raised in the instant habeas petition are appropriate for review in this court at this point in Shabazz's criminal proceedings, they must first be properly exhausted in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) & (c).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 17, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of September 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

3